# IN THE COURT OF APPEALS OF IOWA

No. 16-1749
Filed January 11, 2017

**IN THE INTEREST OF A.V.,**
**Minor Child,**

**T.H. and C.H.,**
          Intervenors-Appellants.

_____

Appeal from the Iowa District Court for Carroll County, Adria Kester, District Associate Judge.

The paternal grandparents of a child appeal the district court's decision denying termination of a guardianship and modification of placement. **AFFIRMED.**

Penny B. Reimer of Cooper, Goedicke, Reimer, & Reese, P.C., West Des Moines, for grandparent-intervenors.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Christine L. Sand of Wild, Baxter & Sand, P.C., Guthrie Center, for minor child.

Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

C.H. and T.H., A.V.'s paternal grandparents, (the Grandparents), appeal the district court's decision refusing to place A.V. in their care. We find the Iowa Department of Human Services (DHS) failed in their duty to notify the family of a child in need of assistance (CINA) proceeding involving A.V. but determine DHS should continue as the child's guardian as it is in A.V.'s best interests. We also find the district court did not err in refusing to modify A.V.'s placement with the maternal aunt.

## I.      Background Facts and Proceedings

A.V. was born in 2014, and her biological parents' parental rights were terminated in April 2016. *In re A.V.*, No. 16-0290, 2016 WL 1359140 (Iowa Ct. App. Apr. 6, 2016). The Grandparents cared for A.V.'s mother during her pregnancy and after the birth, and they were also caretakers for A.V. when the mother was unable to care for the child. The State began removal proceedings in April of 2015. A.V. was removed from the Grandparent's care and placed with A.V's maternal aunt, who resides with A.V.'s maternal grandparents.

The Grandparents were not given formal notice of the CINA proceedings as required under Iowa Code section 232.84 (2016). Paternity was eventually established in October, and the Grandparents were allowed a short visit in November. Additional visitation was granted after a request was made in the CINA proceedings. Visitation became more frequent after this period but did not include overnight visits, and many requests for extra time were denied. The inflexibility of visitation has resulted from the growing tensions between the two families. During one longer period of visitation, the Grandparents felt they

needed to take A.V. to the emergency room when they noticed pus draining from A.V.'s ear as a result of an ear infection. The Grandparents felt the infection had not been properly treated, although A.V.'s maternal family stated they had begun treatment and were following medical advice, which further strained the relationship with the A.V.'s maternal family.

The district court retained DHS as A.V.'s guardian and refused to modify A.V.'s placement with the maternal aunt. The Grandparents now appeal.

## II. Standard of Review

We review de novo actions seeking to remove DHS as guardian and challenging custody placement. *In re E.G.*, 738 N.W .2d 653, 654 (Iowa Ct. App. 2007). We review the facts and law and adjudicate rights anew but give weight to the findings of fact of the juvenile court. *Id.* The court's core role in these proceedings is to ensure placement is in the best interests of the child. *See* Iowa Code § 232.1 ; *E.G.*, 738 N.W.2d at 657.

## III. DHS as Guardian

The Grandparents claim DHS should be removed as A.V.'s guardian as DHS failed to provide proper notice of the termination proceedings to the Grandparents as required under Iowa Code section 232.84. "The juvenile court retains the authority to remove DHS as guardian if the department acts unreasonably or irresponsibly in discharging its duties." *In re S.O.*, No. 13–0740, 2013 WL 3458216, at *2 (Iowa Ct. App. July 10, 2013); *see also* Iowa Code § 232.118. The district court properly noted "this notice requirement is not a suggestion." Even though the Grandparents were aware the child was removed

from the mother, formal notice is still required under Iowa law, and by failing to give notice, DHS acted unreasonably. *See* Iowa Code § 232.84.

However, even though DHS acted unreasonably we will not automatically remove DHS as guardian. *See In re X.O.*, No. 16-0313, 2016 WL 2743445, at *5 (Iowa Ct. App. May 11, 2016) (holding children's best interest supported retaining DHS as guardian notwithstanding failure to provide notice.) The Grandparents wish to remove A.V. from her current home because they fear they will no longer be able to see the child after adoption by A.V.'s maternal aunt. This is a possibility considering the relationship between the maternal and paternal families. However, the district court noted the maternal aunt was chosen by the DHS adoption panel "to limit the trauma to A.V." The district court also stated "[The Grandparents] presented no evidence that A.V.'s current placement is unsafe or that A.V. is not thriving. . . . This placement is reasonable and continues to be in the best interests of A.V."

Retaining DHS as A.V.'s guardian is in A.V.'s best interests as it will allow the adoption process to continue. A.V.'s current placement provides stability, continuity, permanency, and an environment where A.V. is thriving. Additionally, examining the state of the relationship between the families, we are unconvinced the paternal family would not use custody of A.V. as revenge on the maternal family by withholding visitation. It is unfortunate these families continue to use A.V. against each other, but causing further instability is certainly not in A.V.'s best interests. Therefore, we decline to remove DHS as guardian.

### IV.    Modification of Placement

The Grandparents also claim the district court erred by refusing to modify A.V.'s placement.  Pursuant to Iowa Code section 232.117(3) the court may place the children with DHS, a suitable child-placing agency, or a relative or other suitable person.  However, "[t]he paramount concern is the best interest of the children."  *In re R.J.,* 495 N.W.2d 114, 117 (Iowa Ct. App. 1992).  The Grandparents claim it is not in the child's best interest to have limited contact with them.  However, as we noted above, the district court found placement with the maternal aunt provides stability, continuity, permanency, and an environment where A.V. is thriving and has limited the trauma to A.V.  In refusing to modify the placement, the district court appropriately considered the conflict between the families, the merits of each placement, and most importantly, the impact each placement would have on A.V.  We agree with the district court and find the balance of these factors weighs in favor of the placement remaining with the maternal aunt.  Therefore, the district court did not err by refusing to modify placement.  We affirm the district court.

**AFFIRMED.**